**ALASKA WORLD WAR II VETERANS' BOARD et al. v. TERRITORY OF ALASKA ex rel. OLSON.**

No. 11756.

Circuit Court of Appeals, Ninth Circuit.

Jan. 13, 1948.

Faulkner & Banfield, H. L. Faulkner, and Norman C. Banfield, all of Juneau, Alaska, for appellants.

Ralph J. Rivers, Atty. Gen., of Alaska, for appellee.

Before GARRECHT, MATHEWS and HEALY, Circuit Judges.

HEALY, Circuit Judge.

In April 1946 the legislature of the Territory of Alaska passed an act providing for loans and bonuses to veterans of the Second World War, provision for the necessary funds being made by the imposition of a sales and service tax. Laws 1946, c. 27. The tax is to terminate at the end of the quarter during which $3,250,000 or more has been collected. A board was set up to administer the act. Since a period of several months would necessarily elapse before funds were received from the tax, an interim appropriation was made to enable the Board to begin functioning immediately. The section making the appropriation reads: "There is hereby appropriated the sum of three hundred fifty thousand dollars ($350,000.00) for deposit in the Alaska World War II Veterans' Revolving Fund to be used for the purpose of this Act, including expenses of administration; provided, however, that the Board shall pay back such sum to the Territorial Treasury as soon as revenues collected through the tax imposed by this Act will permit, but not later than four years after the effective date hereof." [1]

In August of 1947 the Territory instituted mandamus proceedings to compel the Board to repay the appropriation to the territorial treasury on allegations that the revenues collected through the tax then permitted the repayment. On the hearing the court found these allegations to be true. It granted a peremptory writ commanding the board to repay one-half the sum not later than January 31, 1948, and the balance not later than April 30 of that year. The appeal is from this order.

[1] Alaska World War II Veterans Act, Ch. 27, § 5, Session Laws of Alaska 1946.

It appears that at the time suit was filed one and three-quarters million dollars had been collected through the tax imposed and that anticipated revenues for the current quarter would equal an additional $300,000. The Board had on hand at that time a sum substantially in excess of the amount required to repay the appropriation. The sole question argued here is whether the time of repayment is discretionary with the Board, or whether in respect of repayment it has presently no more than a ministerial duty to perform. The Board interprets the act as meaning that the veterans' loans and bonuses are to receive paramount consideration. It claims for itself the power of determining when the revenues permit repayment and says that in arriving at this determination it is to take into consideration "the amounts collected, the amounts paid out, the number of applications for loans and bonuses, and the general prospects."

We are unable to agree. The section appropriating the initial sum makes no mention of obligations, nor does its verbiage suggest that the various considerations said by the Board to be determinative are to be taken into account. Instead, the provision flatly commands the return of the sum to the territorial treasury "as soon as the revenues collected * * * will permit." It is not disputed that the revenues, considered by themselves and without reference to the obligations, permitted repayment as of the time of the suit.

The only verbiage that may serve to render the problem doubtful is the concluding phrase of the section "but not later than four years after the effective date hereof." The clause was probably thrown in as an additional safeguard. Interpreted otherwise it would amount to a contradiction or negation of the antecedent words, whereas those words on their face are expressive of the paramount legislative thought on the subject. The section as a whole makes it plain enough that the legislature wanted the appropriation restored to the treasury as soon as the Board had been set up in business and the program was proceeding, as it were, under its own power.

Affirmed.